UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------

In re

MCD PLUMBING, INC.                                12-11759 B

                    Debtor                        DECISION & ORDER
----------------------------------------------------

                    Amigone, Sanchez & Mattrey, LLP
                    Arthur G. Baumeister, Jr., Esq., of Counsel
                    1300 Main Place Tower
                    350 Main Street
                    Buffalo, New York 14202
                    Attorneys for the Debtor

                    Creighton, Johnsen & Giroux
                    Catherine Creighton, Esq., of Counsel
                    560 Ellicott Square Building
                    295 Main Street
                    Buffalo, New York 14203
                    Attorneys for The United Association of Journeymen
                    and Apprentices of the Plumbing and Pipefitting
                    Industry of the United States and Canada, Local
                    Union #22

                    Lipsitz Green Scime Cambria LLP
                    Jeffrey F. Reina, Esq., of Counsel
                    42 Delaware Avenue, Suite 120
                    Buffalo, New York 14202
                    Attorneys for U.A. Plumbers and Steamfitters Local 22
                    Health Fund, U.A. Plumbers and Steamfitters Local 22
                    Pension Funds, U.A. Plumbers and Steamfitters
                    Local 22 Apprenticeship Fund, and U.A. Plumbers and
                    Steamfitters Local 22 Annuity Fund

Bucki, Chief U.S.B.J., W.D.N.Y.

        The debtor in this Chapter 11 proceeding has moved to reject a collective bargaining

agreement between Local Union No. 22 of the United Association of Journeymen and

Apprentices of the Plumbing and Steam Fitting Industry of the United States and Canada

and the Western New York Association of Plumbing and Mechanical Contractors, Inc.  For

the reasons stated herein, this motion is denied.

MCD Plumbing, Inc.("MCD") has operated as a plumbing contractor since 2006. In that year, it joined the Western New York Association of Plumbing and Mechanical Contractors, Inc. As a member of this Association, MCD then became a signatory to a collective bargaining agreement that the Association had negotiated on behalf of all of its members with Local Union No. 22 of the United Association of Journeymen and Apprentices of the Plumbing and Steam Fitting Industry of the United States and Canada (Local Union #22). Pursuant to the collective bargaining agreement, all members of the Association agreed to employ union members at a uniform wage and benefit scale. The collective bargaining agreement contemplated that Association members would contact the union's "hiring hall" whenever they had need for additional trade workers. Subject to a limited right of the employer to designate a preferred employee, Local Union #22 would then refer qualified union members for hire.

MCD filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 1, 2012. On October 23, 2012, the debtor transmitted a proposal to Local Union #22 for modification of the collective bargaining agreement. Negotiations followed but failed to achieve a resolution. Consequently, on November 19, 2012, the debtor filed an initial motion seeking authority to reject the collective bargaining agreement with Local Union #22. After a hearing on November 29, this court found that the debtor had failed to sustain its burden of proof under 11 U.S.C. §1113. Accordingly, the motion was denied, but with leave to renew the application. Pursuant to this leave, the debtor has now filed a renewed motion to reject the collective bargaining agreement. After an evidentiary hearing and after consideration of post-trial submissions, the court rendered an oral decision on June 13, 2013.[1] However, the court also reserved the opportunity that it now wishes to exercise, to issue a written opinion that more fully explains the rationale for its denial of the debtor's application.

---

[1]Section 1113(d)(2) of the Bankruptcy Code provides generally that the court must rule on an application for rejection of a collective bargaining agreement "within thirty days after the date of the commencement of the hearing." Because that thirtieth day occurred on June 13, the court issued an oral decision at that time.

Section 1113 of the Bankruptcy Code establishes procedural and substantive standards for rejection of a collective bargaining agreement. Courts have generally interpreted this statute as imposing nine requirements for rejection. *See In re American Provision Co.*, 44 B.R. 907 (Bankr. D. Minn. 1984). In the present instance, we need focus only on the three substantive provisions that the Court of Appeals considered in *Truck Drivers Local 807 v. Carey Transp., Inc. (In re Carey Transp., Inc.)*, 816 F.2d 82, 88 (2nd Cir. 1987):

> "Briefly stated, the statute permits the bankruptcy court to approve a rejection application only if the debtor, besides following the procedures set forth by Congress, makes three substantive showings. The first is that its post-petition proposal for modification satisfies § 1113(b)(1), which in turn limits the debtor to proposing only 'those necessary modifications in . . . benefits and protections that are necessary to permit the reorganization of the debtor,' and obliges the debtor to assure the court that 'all creditors, the debtor and all affected parties are treated fairly and equitably.' Second, the debtor must show that the union has rejected this proposal without good cause. Bankr. Code §1113(c)(2). Third, the debtor must prove that 'the balance of the equities clearly favors rejection of [the bargaining] agreement.' Code § 1113(c)(3)."

Here, the debtor's motion must fail because MCD is unable to satisfy the second and third of these substantive requirements.

Section 1113(c)(2) provides that the court may approve an application to reject a collective bargaining agreement only if "the authorized representative of the employees has refused to accept such proposal without good cause." In the present instance, the collective bargaining agreement is a multi-employer arrangement that establishes a uniform salary and benefits package for approximately 1,000 union members. However, MCD has never employed more than a few plumbers. In the context of its "hiring hall" procedures, Local Union #22 acted reasonably in desiring to maintain common employment terms and to avoid any special or sweetheart deals. Because the hiring hall can assign union members to any participating employer, a disparate compensation package might cause resentment among those assigned to work for MCD. Meanwhile, other contractors would undoubtedly demand similar wage and benefit concessions. In short, a special

arrangement with MCD would likely threaten the entire agreement that labor had negotiated for all of the participating contractors. For these reasons alone, Local Union #22 had good cause to reject the debtor's proposal.

The present circumstances are different from those that occurred in *Truck Drivers Local 807 v. Carey Transp., Inc. (In re Carey Transp., Inc.)*, 816 F.2d 82 (2nd Cir. 1987). In that case, the Court of Appeals agreed "with the bankruptcy court that because the union engaged in such prehearing stonewalling here, it now cannot claim that it had good cause for refusing the proposal." *Id.* at 92. To the contrary, representatives and counsel for Local Union #22 met with MCD's principal and attorney. Then during the course of negotiations, the union's attorney communicated four reasons for refusing to accept the modifications. One of these reasons was that other employers were purportedly operating with success under the collective bargaining agreement. Although the union might have stated this response more expansively, it suffices to identify a legitimate objection to disparate treatment for contractors who were parties to that agreement.

The debtor also fails to satisfy the requirements of 11 U.S.C. § 1113(c)(3), which provides that the court may approve an application to reject a collective bargaining agreement only when "the balance of the equities clearly favors rejection of such agreement." In the present instance, the evidence at trial showed that the debtor's financial problems were significantly attributable to a mistake in estimating the cost of a project; that the debtor had achieved several profitable years while operating under terms of the collective bargaining agreement; and that the collective bargaining agreement did not preclude most of the debtor's competitors from maintaining profitability. Although a rejection of the collective bargaining agreement might provide a financial benefit to the debtor, the balance of the equities do not "clearly favor" that result. Rather, it appears that the debtor's motion is designed to give a competitive advantage over other contractors who must continue to honor the collective bargaining agreement. Because those other competitors are able to survive while operating under the collective bargaining agreement,

we have reason to believe that the debtor can reorganize even if its present motion is denied.

For the reasons stated herein, the debtor fails to satisfy two of the pre-requisites that 11 U.S.C. § 1113(c) imposes as conditions for rejection of a collective bargaining agreement. Accordingly, the motion of MCD Plumbing, Inc., to reject its contract with Local Union #22 is in all respects denied.

So ordered.

Dated:        Buffalo, New York          __/s/__CARL L. BUCKI_____
              July 23, 2013               Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.